IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. SCHWARTZ** *Plaintiff* | : : : | **CIVIL ACTION** |
| | : | **NO. 13-0113** |
| v. | : : | |
| **ONEWEST BANK, FSB** *Defendant* | : : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                   November 13, 2013

## MEMORANDUM OPINION

**INTRODUCTION**

On March 1, 2013, OneWest Bank, FSB ("Defendant" or "OneWest"), filed a motion to dismiss the amended complaint [ECF 10] pursuant to the provision of Federal Rule of Civil Procedure (Rule) 12(b)(6) for failure to state a claim. On March 29, 2013, James E. Schwartz ("Plaintiff" or "Schwartz") formally opposed the motion [ECF 13]. On July 18, 2013, this matter was reassigned to the undersigned [ECF 19]. By order dated September 25, 2013 [ECF 20], this Court notified the parties that it was converting pursuant to Rule 12(d), the motion to dismiss and the answer, into cross-motions for summary judgment as to Counts I and II *only* of the amended complaint and directed the parties to file supplemental briefs in support of their respective position. On October 7, 2013, Plaintiff filed a supplemental brief [ECF 26]. Defendant filed its supplemental brief on October 15, 2013 [ECF 27], and stated that it is "agreeable to the entry of an order confirming that the Mortgage covers only Parcel A." Accordingly, judgment on Counts I and II only is entered in favor of Plaintiff.

1

In light of this ruling, the remaining matter before the Court is Defendant's motion to dismiss Counts III through VIII of the amended complaint.[1] As to these counts, Plaintiff asserts that OneWest's foreclosure action and the subsequent sheriff's sale listings of a specific real estate property belonging to Plaintiff violated Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Con. Stat. § 2270.1, *et seq.*, ("FCEUA"), and the Unfair Trade Practices and Consumer Protection Law, 73 Pa. Con. Stat. § 201-1, *et seq.*, ("UTPCPL"). Plaintiff further contends that said foreclosure action and sheriff's sale listings give rise to claims of slander of title, abuse of process, and intentional interference with existing and/or prospective contractual relations.

For the reasons set forth, this Court grants Defendant's motion to dismiss Counts III through VIII.

**BACKGROUND**

For the purpose of ruling on Defendant's motion to dismiss, this Court accepts as true the following summary of the relevant allegations in Plaintiff's amended complaint and attachments:

> Schwartz is the owner of two parcels of land in Bucks County (hereinafter, referred to as "Parcel A" and "Parcel B"), which he acquired by deed in July 1996. Parcel A is identified as Bucks County Tax Map Parcel No. 44-014-084, and Parcel B is identified as Bucks County Tax Map Parcel No. 44-014-087.
>
> On March 14, 2007, Schwartz obtained a loan from IndyMac Bank, FSB, (IndyMac Bank) in the amount of $375,000, and executed a note and a mortgage as security for the loan.

---

[1] Procedurally, on December 10, 2012, Plaintiff filed a complaint against Defendant in the Court of Common Pleas Bucks County [ECF 1]. Defendant removed the matter on January 9, 2013, pursuant to 28 U.S.C §§ 1332 and 1441 arguing the court's diversity jurisdiction [ECF 1]. On January 15, 2013, Defendant filed a motion to dismiss the complaint [ECF 6]. In response, on February 5, 2013, Plaintiff filed an amended complaint [ECF 7], which precipitated the instant motion to dismiss.

In March 2009, OneWest acquired the assets and operations of IndyMac Bank from the Federal Deposit Insurance Corporation. The mortgage executed by Schwartz was recorded by IndyMac Bank on November 25, 2009, and assigned to OneWest on January 3, 2010. The assignment was recorded on February 4, 2010.

In the interim, OneWest filed a mortgage foreclosure action against Schwartz in Bucks County Court of Common Pleas,[2] averring that Schwartz had defaulted on the mortgage encumbering the property subject to the mortgage identified as Tax Map Parcel No. 44-014-084 (Parcel A). *See* Complaint, Exhibit A. In addition, "Exhibit A" attached to the Mortgage document also referenced Tax Map Parcel No. 44-014-084, as the encumbered property. However, within the metes and bounds description of the property, reference is made to "two adjoining tracts of land constituting one farm." *See* Defendant's Motion to Dismiss, Exhibit A to Exhibit C.[3]

Schwartz failed to respond to the mortgage foreclosure complaint, and on February 2, 2010, OneWest filed a *praecipe to enter judgment by default*. Following the entry of the default judgment, a sheriff's sale was scheduled for May 14, 2010, which listed the foreclosed property as "Tax Parcel #44-14-84" (Parcel A). *See* Amended Complaint, Exhibit 2 (the "Initial Sheriff's Sale Notice"). For unknown reasons, the sheriff's sale was cancelled and re-listed several times

During the course of the mortgage foreclosure proceedings, counsel for OneWest advised Schwartz's then counsel that it was OneWest's position that the mortgage encumbered two parcels, Parcels A and B. Specifically, by letter dated October 29, 2010, OneWest's foreclosure counsel wrote "the Mortgage was intended to, and does, encumber both of the two parcels described in plaintiff's writ of execution. . . ." *See* Amended Complaint, Exhibit 4. This contention was repeated in emails to Schwartz's counsel on February 9, 2011, and July 20, 2011. *See* Amended Complaint, Exhibit 5.

On January 24, 2013, a notice of sale was issued rescheduling the sheriff's sale for February 8, 2013. Like the *Initial Sheriff's Sale Notice,* this notice referenced only "TAX PARCEL #44-14-84" (Parcel A). However, unlike the *Initial Sheriff's Sale Notice*, the January 24, 2013 Notice included a description of the property involved which referenced "two adjoining tracts of land constituting one farm." This language was identical to that contained in Exhibit A attached to the Mortgage.

---

[2] While Plaintiff did not attach a copy of the foreclosure action complaint to his amended complaint, this Court may consider the foreclosure complaint because: (1) it is a publicly available document and Plaintiff has referenced it in his amended complaint; and (2) Defendant has attached a copy of the foreclosure complaint to its motion, as Exhibit C.

[3] Plaintiff attached an identical copy of the mortgage to his amended complaint as Exhibit 1.

Schwartz alleges that on August 12, 2010, he entered into an Agreement of Sale for both parcels with Schmidt Properties, LLC ("Schmidt"), intending to transfer the parcels under a short sale and to use the proceeds to pay off the mortgage with OneWest. Plaintiff contends that he was unable to close the transaction due to unspecified actions of OneWest.

Schwartz further alleges that sometime in 2011, he applied to sell the development rights to both parcels to Tinicum Township as part of a land conservancy program. He claims that the transaction failed because OneWest refused to subordinate its mortgage to the conservation easement Tinicum Township would place on the property in conjunction with the sale of the development rights.

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his]claims across

the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefits*, 998 F.2d at 1196. Documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may also be considered. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).

**DISCUSSION**

*Plaintiff's Slander of Title Claim*

At Count III of the amended complaint, Plaintiff asserts a claim for slander of title based on Defendant's alleged false representations of its interest in Parcel B. Plaintiff relies on the following assertions in support of his contentions: (1) statements made in Defendant's legal filings in the mortgage foreclosure action; (2) statements made by Defendant's foreclosure counsel in a letter and in two emails to Plaintiff's foreclosure counsel during the course of the

mortgage foreclosure action; and (3) representations made in the sheriff's sale notices of 2010 and 2011. Defendant rebuts Plaintiff's slander of title claim and argues that the claim fails since it is based entirely upon representations that are subject to an absolute privilege.[4]

Disparagement or slander of title is the false and malicious representation of the title or quality of another's interest in goods or property. *Forman v. Cheltenham National Bank*, 502 A.2d 686, 688 (Pa. Super. 1985). To assert a claim for slander of title, a plaintiff must allege: (1) a publication of a false statement; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that the publication will result in pecuniary loss; (3) a pecuniary loss does in fact result; and (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity. *Pro Golf Manufacturing, Inc. v. Tribune Review Newspaper Company*, 809 A.2d 243, 246 (Pa. 2002).

Under Pennsylvania law, it is well-settled that "[a]ll communications pertinent to any stage of a judicial proceeding are accorded an absolute privilege which cannot be destroyed by abuse . . . Thus, statements by a party, a witness, counsel, or a judge cannot be the basis of a defamation action whether they occur in the pleadings or in open court." *Binder v. Triangle Publications, Inc.*, 275 A.2d 53, 56 (Pa. 1971); *see also Triester v. 191 Tenants Assoc.*, 415 A.2d 698, 702 (Pa. Super. 1979) (recognizing extension of absolute privilege to claim for slander of title). This absolute privilege "extends not only to communications made in open court, but also encompasses pleadings and even less formal communications such as, preliminary conferences and correspondence between counsel in furtherance of the client's interest." *Richmond v. McHale*, 35 A.3d 779, 785 (Pa. Super. 2012) (citations omitted). In addition, the existence of the

---

[4] In his sur-reply, Plaintiff contends that the slander of title claim is also based upon the incorrect description of the encumbered property in the assignment of the mortgage from IndyMac to OneWest. Plaintiff's amended complaint, however, contains no such allegations or, more importantly, facts to support such a claim.

privilege does not depend upon the motive of the defendant in making the alleged statement. *Greenberg v. Aetna Ins. Co.*, 235 A.2d 576, 578 (Pa. 1967). All reasonable doubts as to whether the alleged communications were pertinent and material to the relief or redress sought are to be resolved in favor of pertinency and materiality. *Id.* at 577-578.

Here, Plaintiff alleges that Defendant slandered the title to Parcel B by filing the mortgage foreclosure action and seeking to foreclose on the property described in the mortgage document attached to the complaint. Because all representations made in pleadings are subject to an absolute privilege, the representations made in the mortgage foreclosure complaint cannot form the basis of a claim for slander of title. Plaintiff's argument is, therefore, without merit.

Next, Plaintiff contends that Defendant slandered the title to Parcel B by communications made by OneWest's foreclosure counsel to Plaintiff's counsel "in the Foreclosure Action." In the correspondences, attached as Exhibits 4 and 5 to the amended complaint, OneWest's foreclosure counsel advised Plaintiff's counsel that OneWest believed both parcels were intended to be encumbered by the mortgage, as evidenced by its reference to the "two adjoining tracts." It is clear from the content and timing of the statements, however, that these were made in connection with counsel's representation of OneWest in the judicial foreclosure proceeding; *to wit*: the October 29, 2010 letter identifies the foreclosure action by caption in the subject line of the letter, and the email correspondences specifically refer to the October 29, 2010 letter. Further, in the amended complaint, Plaintiff acknowledged that these correspondences were made "in the Foreclosure Action." *See* Amended Complaint ¶¶ 43 and 44. Based upon these arguments and acknowledgment, this Court finds that the communications are absolutely privileged and cannot form the basis of a claim for slander of title. *See Smith v. Griffiths*, 476 A.2d 22, 25 (Pa. Super.